UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 23-1

Caption [use short title]: Vicky Ware Bey, et al v. Eric Adams, Mayor for the CIty of New York et al

**Motion for:** Immediate Interim Injunctive Relief and Monetary relief

Set forth below precise, complete statement of relief sought:

Immediate Indefinite Injunctive Relief and interim Monetary Relief in the amount of $100,000,000.00 One Hundred Million Dollars

**MOVING PARTY:** /s/ Vicky Ware Bey (Non Attorney)

**OPPOSING PARTY:** Sylvia Hinds Radix

☑ Plaintiff ☐ Defendant

☑ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Vicky Ware Bey (Non Attorney)

**OPPOSING ATTORNEY:** Sylvia Hinds Radix

[name of attorney, with firm, address, phone number and e-mail]

| Moving Attorney | Opposing Attorney |
|---|---|
| /s/ Vicky Ware Bey (Non Attorney) | Sylvia Hinds Radix, Corporation Counsel |
| c/o 80 Patton AVenue, Wyandanch Territory, New York Republic [11798] | The City of New York Law Department, 100 Church Street, New York, New York 10007 |
| email: endworkplaceviolence@aol.com; phone 347-869-8529 | email:shindsradix@law.nyc.gov; Phone:212-356-1000 |

Court- Judge/ Agency appealed from: S.D.N.Y Robert Lehrburger / Paul Engelmayer, New York Supreme Court, Kings County

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed ☐ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below? ☐ Yes ☑ No

Has this relief been previously sought in this court? ☐ Yes ☑ No

Requested return date and explanation of emergency: We are stalking victims who need to relocate and to completely restore our privacy in which the Defendants and thier criminal accomplices invade daily, a complete separation from the Defendants and their criminal accomplices is required an injunction is required to stop the Defendants and their criminal accomplices ongoing abuse and criminal course of conduct and therapy is now required for a relative as well as privacy

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**

/s/ Vicky Ware Bey (Non At **Date:** 1/16/2023 Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

**UNITED STATES COURT OF APPEALS**
**SECOND CIRCUIT**

---

**Vicky Ware Bey, In Proper Persona Sui Juris**

**JOHN DOE 1 – 1000, JANE DOE 1 - 1000**

**Plaintiff / Petitioner / Claimant / Crime Victim**
**Aggrieved and Injured Party**

**VS**

**Mayor Eric Adams for the**
**CITY OF NEW YORK**

**CITY OF NEW YORK**

**Louis Molina, Commissioner for the**
**NEW YORK CITY DEPARTMENT OF CORRECTIONS**

**Melanie Whinnery, Executive Director for the**
**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**JOHN DOE 1-10,000, JANE DOE 1-10,000**

**DEFENDANT(S)**

---

**AFFIRMATION IN SUPPORT OF MOTION MOTION FOR IMMEDIATE INTERIM INJUNCTIVE RELIEF AND MONETARY RELIEF**

**CASE # 23-1**

The Plaintiff / Petitioner / Claimant / Crime Victim Aggrieved and Injured Party-Appellant, Vicky Ware Bey, In Proper Persona, Sui Juris affirms that she is personally knowledgeable of all facts and circumstances involved in this matter and asks the court to grant her immediate emergency injunctive relief and monetary relief in the amount of $100,000,000.00 because of the likelihood of her succeeding in this matter based upon laws, facts and prima facie evidence.

December 2014, the Appellant objected to being sexually harassed at work by another employee she became a crime victim /stalking victim at work which was orchestrated by her employer, other employees and their accomplices in retaliation for the Appellant objecting to being sexually

harassed at work in the Defendants and their criminal accomplices intentionally retaliated and discriminated against her intentionally inflicting a multitude of injuries upon her and her relatives interstate.

The Appellant and her relatives are being stalked interstate in retaliation for the Appellant objecting to another employees hostile sexually harassing conduct towards her at work that caused that caused a hostile and offensive work environment that anyone would be offended. Interstate stalking is a direct violation of Title 18 USC 2261A, Title 18 USC 241 and Title 18 USC 242. The Defendants and their criminal accomplices / conspirators conspired to, and are depriving the Appellant and her relatives of their rights under color of law, office, authority, ordinance, statute, and custom by criminally trespassing onto their personal and private property, houses and effects invading and breaking into their houses, illegally and unlawfully installing hidden eavesdropping and surveillance equipment inside of their houses where they have a reasonable expectation of privacy without their knowledge and without their expressed or implied consent stalking, monitoring, recording, eavesdropping, sexually exploiting them by intentionally disseminating unlawful surveillance images / intimate images of them inside of their houses, effects and places where they have a reasonable expectation of privacy over the world wide web to the general public causing them irreparable harm retaliating against the Appellant because she objected to being sexually harassed at work by another employee. The Defendants in this matter intentionally use their employment status and titles to criminally abuse their power, while acting under color of law, office, authority, statute, and ordinance to commit the crimes against her in addition to intentionally intercepting and disseminating all her oral, wire, wireless electronic communications. The Defendants who act with complete malice towards the Appellant and her relatives are willfully in violation of the United States Constitution while intentionally depriving the Appellant and her

relatives of their rights, who do not have any privacy at all and are being exploited by the Defendants against their will and without their implied or expressed consent. The Appellant moves the court to immediately issue a interstate restraining order against the Defendants pursuant to title 18 USC 2266 which permits both civil and criminal courts to issue restraining orders to enjoin the Defendants criminal course of conduct involving defendants and their criminal accomplices criminal course of conduct that directly violates Title 18 USC 2261A and Title 18 USC 1512.

The purpose of the Appellant's motion for injunctive and monetary relief is to establish complete separation and distance from the Defendants and their criminal accomplices / conspirators who continue to stalk interstate, invade her privacy and the privacy of her relatives while criminally harassing her and her relatives and slandering her name with falsehoods to intentionally destroy her life. A Restraining Order / Stay Away Order is required to enjoin their criminal course of conduct and to restore the Appellants and her relatives privacy which the Defendants illegally and unlawfully invade daily, 24 hours a day. The Appellant asks the court for immediate Monetary relief to relocate for her safety and the safety of her relatives John Doe 1 – 1000, Jane Doe 1 – 1000 who are stalking victims / crime Victims / Aggrieved and Injured Parties who are unnamed for their protection and privacy pursuant to FRCP 25(a)(1), (a)(2), (a)(3). Title 18 USC 3771 Section D defines the term "Crime Victim" as the person against whom the State offense is committed or, if that person is killed or incapacitated, that person's family member or other lawful representative."

Furthermore, **Title 18 USC 3663A** permits a family member to assumes the victims rights whether they are deceased, incompetent, incapacitated or a minor and provides mandatory restitution to victims of crimes.

**Federal Rules of Civil Procedure 25. Substitution of Parties**

(a) DEATH.

(1) *Substitution if the Claim Is Not Extinguished.* If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

(2) *Continuation Among the Remaining Parties.* After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties. The death should be noted on the record.

(3) *Service.* A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

**Crime Victims Rights codified as Title 18 USC 3771 secures Crime Victims Rights to be:**

(1) The right to be reasonably protected from the accused.
(2) The right to reasonable, accurate, and timely notice of any public court proceeding, or any parole proceeding, involving the crime or of any release or escape of the accused.
(3) The right not to be excluded from any such public court proceeding, unless the court, after receiving clear and convincing evidence, determines that testimony by the victim would be materially altered if the victim heard other testimony at that proceeding.
(4) The right to be reasonably heard at any public proceeding in the district court involving release, plea, sentencing, or any parole proceeding.
(5) The reasonable right to confer with the attorney for the Government in the case.
(6) The right to full and timely restitution as provided in law;
(7) The right to proceedings free from unreasonable delay.
(8) The right to be treated with fairness and with respect for the victim's dignity and privacy.
(9) The right to be informed in a timely manner of any plea bargain or deferred prosecution agreement.
(10) The right to be informed of the rights under this section and the services described in section 503(c) of the Victims' Rights and Restitution Act of 1990 (42 U.S.C. 10607(c)

The Appellant is requesting immediate injunctive relief to ensure her safety and the safety of her relatives to prevent additional deaths such as the pre-meditated murder of her father who was also a stalking victim interstate which is directly connected to this action and happened because he was a witness to this crime and was murdered to prevent his testimony in violation of Title 18 U.S.C 1512 to prevent him from reporting to any Law Enforcement Agency and to prevent him from

testifying in any court proceeding pertaining to the Defendants and their criminal accomplices / conspirators ongoing criminal course of conduct against him, the Appellant as well as their other relatives which is directly employment related. Substitution is used to prevent repetitive arguments. The S.D.N.Y overlooked these laws that permit substitution that would prevent repetitive arguments and issues. *Nieves v. N Y.C. Police Dep 't, 716 F. Supp. 2d 299,303 (S.D.N.Y. 2010)*

The Appellant uses John Doe 1-1000, and Jane Doe 1-1000 to preserve the rights and the privacy of crime victims who are deceased, incompetent and infants. A party may seek to proceed anonymously if disclosure of his identify will subject him to extensive harassment and violence. *Doe v. Stegall, 653 F.2d 180, 186 (5th Cir. Unit A 1981)*.

The premeditated murder and wrongful death of the Appellant's father is already included in her complaint causes of action, grievances to be redressed and claims for which relief could be granted. "Certainly, there is no strong societal consensus that a jury may not take into account the loss suffered by a victim's family or that a murder victim must remain a faceless stranger." 501 US 808 56 (1991). There have been several suspicious deaths in the Appellant's family that are suspicious and, the rate of deaths rates in her family are unprecedented since she became a crime victim / stalking victim at work which is directly related to employment retaliation / workplace violence which involves the Defendants and their criminal accomplices / conspirators nine year criminal course of conduct that has not ceased and became progressively worse since it began December 2014.

John Doe 1-1000, and Jane Doe 1-1000 is also being used to conceal the identity of an adult who is an injured party who is being subjected to grooming and egregious sexual exploitation and abuses at the behest of the Defendants and their sick criminal accomplices / conspirators who are

acting in concert to retaliate against the Appellant by committing crimes against her and her relatives by intentionally grooming this victim for sexual abuse while intentionally sexually exploiting them and publicly disseminating graphic, nude and intimate images of them without their implied or expressed consent and without their knowledge causing them permanent injuries and irreparable harm which are complained of in the Appellant's Complaint, Causes of Action, grievances and Claims for which relief could be granted.

The Appellant asks the court to grant her immediate injunctive relief, to prevent her and her relatives from sustaining additional injuries at the behest of the Defendants and their criminal accomplices / conspirators who act in concert interstate, who internationally inflict injuries upon the Appellant and her relatives who will continue to sustain additional injuries, irreparable harm if injunctive relief is not granted to completely enjoin the Defendants and their criminal accomplices / conspirators criminal course of conduct against her and her relatives in its entirety. The Defendants and their criminal accomplices/ conspirators who act with complete malice towards the Appellant and her relatives have a willful reckless disregard for human life, human rights and blatantly disregard the United States Constitution, Treaties, Federal laws, State laws and City Laws which they are bound to uphold, and willfully fail to comply with any laws.

The Appellant asks the court to issue her the requested interim monetary relief as a provisional remedy immediately because of the injuries that are being inflicted upon her and relatives by the Defendants and their criminal accomplices / conspirators who are depriving them of their rights daily because of the Defendants gross negligence, negligent hiring, retention, and training practices that lead to this ongoing nine year order is the direct and proximate cause of a multitude of substantive and substantial injuries inflicted upon the Appellant and her relatives, of which some are deceased which is directly and connected to this crime and nine year ordeal.

The Defendants are willfully depriving the Appellant and her relatives of their human rights, their inalienable rights and, their rights secured by the United States Constitution, Article Four, Section four, First and Fourth Amendments are in direct violation of the Declaration of Independence, Title 18 U.S.C 241; Title 18 U.S.C 242; 18 U.S.C 245(b),(B),(C),(E); (2),(B),(C),(F),(4); Title 18 U.S.C 249; Title 18 U.S.C 245; Title 18 U.S.C 247; Title 18 USC 1512; Title 18 USC 2261A.

Rule 10(a) specifically states that the title of the complaint must name all the parties. Fed. R. Civ. P. 10(a); *see also* So. Dist. Fla. Local Rule 5.1(a)(5)(D) ("All civil and criminal pleadings . . . shall include a caption with the title of the document, including the name and designation of the party . . ."). Only in exceptional circumstances do courts permit a plaintiff to proceed under a fictitious name. *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992). The district court has discretion to determine whether a plaintiff may proceed anonymously in the case. *Frank*, 951 F.2d at 323. A party may seek to proceed anonymously if disclosure of his identify will subject him to extensive harassment and violence. *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A 1981).

Plaintiffs rely on general statements of fact in reports by the U.S. *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). *See* D.E. No. 60. The district courts shall have original jurisdiction of any civil action committed in violation of the law of nations or a treaty of the United States Claims under the Hate Crimes Prevention Act and the Torture Victim Prevention Act provide a remedy either to the individual subject to an extrajudicial killing, or to the "legal representative, or to any person who may be a claimant in an action for wrongful death." 106 Stat. 73, section 2(a)(2). John Doe and Jane Doe meet these requirements. The extrajudicial killing of John Doe 1-1000, Jane Doe 1-1000 inflicted severe mental pain and suffering upon the Appellant and her relatives. The Torture Victim Prevention Act defines "mental pain and suffering" as "prolonged mental harm." 106 Stat. 73, section 3(b)(2). During this nine year ordeal the Appellant has endured unprovoked death

threats to her and her relatives of which, some have been killed. Posthumous legal rights gives the dead significant moral standing within our legal system. Victims' names and other personal information can be kept out of public records by filing suits under pseudonyms, such as Jane or John Doe.

In Conclusion:

The Appellant asks the court to immediately grant her interim injunctive relief an interstate restraining order pursuant to Title 18 USC 2266, and interim monetary relief in the amount of $100,000,000.00 One Hundred Million Dollars pursuant to Title 18 USC 3663A, and Title 18 USC 3771 paid directly to the named the Appellant Vicky Ware Bey.

The Appellant and her relatives who are stalking victims need to get away from the Defendants and their criminal accomplices / conspirators to end this injurious ongoing dangerous senseless nine-year ordeal.

The Electronic filing of this Motion and Affirmation in Support of the Motion for immediate indefinite injunctive Relief and Monetary and the Proposed Provisional Restraining Order constitutes an original and service upon the Defendants.

Dated: January 17, 2023

Vicky Ware Bey

Vicky Ware Bey, In Proper Persona
Vicky Ware, Ex Relatione
All Rights Reserved, UCC 1-207, 1-308
c/o 80 Patton Avenue
Wyandanch Territory, New York Republic [11798]

**UNITED STATES COURT OF APPEALS**
**SECOND CIRCUIT**

---

**Vicky Ware Bey, In Proper Persona Sui Juris**

**JOHN DOE 1 – 1000, JANE DOE 1 - 1000**

**Plaintiff / Petitioner / Claimant / Crime Victim**
**Aggrieved and Injured Party - Appellant**

**VS**

**Mayor Eric Adams for the**
**CITY OF NEW YORK**

**CITY OF NEW YORK**

**Louis Molina, Commissioner for the**
**NEW YORK CITY DEPARTMENT OF CORRECTIONS**

**Melanie Whinnery, Executive Director for the**
**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**JOHN DOE 1-10,000, JANE DOE 1-10,000**

**DEFENDANT(S)**

**PROVISIONAL INTERSTATE AND INTERNATIONAL RESTRAINING ORDER**

**CASE # 23-1**

---

**PLEASE TAKE NOTICE, YOU ARE HEREBY NOTIFIED THAT IT IS A FEDERAL CRIME TO:**

- Cross state lines to violate this order or to stalk, harass or commit domestic violence against the Appellant, Vicky Ware Bey and her relatives, John Doe 1 – 1000, Jane Doe 1 - 1000;

Cross International lines to violate this order or to stalk, harass or commit domestic violence against the Appellant and her relatives pursuant to Executive Order 13107 and Treaties entered into by the United States;

- Buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition while this Order remains in effect

(Note: there is a limited exception for military or law enforcement officers but only while they are on duty) ; and

- Buy, possess or transfer a handgun, rifle, shotgun or other firearm or ammunition after a conviction of a domestic violence-related crime involving the use or attempted use of physical force or a deadly weapon against a relative, even after this Order has expired.. (18 U.S.C. "922(g)(8), 922(g)(9), 2261, 2261A, 2262).

THE DEFENDANTS ARE HEREBY NOTIFIED THAT the license of the person against whom this order is issued to carry, possess, repair, sell or otherwise dispose of a firearm or firearms, if any, pursuant to Penal Law §400.00, is hereby revoked all persons against whom this order is issued shall remain ineligible to receive a firearm license during the period of this order.

The Defendants, their predecessors, successors and their accomplices / conspirators in this matter are **hereby ordered** to immediately CEASE and DESIST and to forever refrain from all illegal, unlawful, and criminal activities they intentionally commit against the Appellant, and her relatives in this matter immediately.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** to immediately cease and desist and to permanently and indefinitely refrain from all and every illegal, unlawful and criminal activities they and their Accomplices / Conspirators are committing against the Appellant and her relatives interstate and internationally which includes all acts of terrorism, genocide but are not limited to Interstate stalking, International Stalking, Criminal Harassment, Burglary, Theft of all types, Criminal Trespassing, Trespassing of any sort, and are to immediately cease and desist and permanently and indefinitely refrain from all illegal, unlawful and unconsented surveillance, monitoring, recording and dissemination of unconsented intimate images, all acts of sexual exploitation and abuse as well as the illegal and unlawful interception and dissemination of the Appellant's, her relatives and associates oral, wire, wireless, electronic communications.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever enjoined and barred from illegally and unlawfully installing surveillance and eavesdropping equipment inside of the Appellant, her relatives homes and in places where they have a reasonable expectation of privacy and from illegally and unlawfully surveilling, eavesdropping

and recording and disseminating images of the Appellant, her relatives intimate body parts, dressing and disrobing and or engaging in private familial activities which is also referred to as revenge porn and are forever enjoined from intercepting and disseminating all and any of the Appellant, her relatives and associates oral, wire, wireless, electronic communications.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever barred and enjoined from being within 2000 yards of the Appellant, her relatives and associates.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever barred and enjoined from Stalking Appellant, her relatives and associates interstate, internationally and, are forever enjoined and barred from criminally harassing, committing any and all forms of violence against the Appellant, her relatives.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever barred and enjoined from burglarizing, interfering with the Appellant, her relatives mail and medical service, obstructing

justice, criminally trespassing and trespassing of any sort upon the Appellant, her relatives.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever barred and enjoined from destroying, damaging, stealing the personal and private property belonging to the Appellant and her relatives, and are forever barred from creating false social media accounts of the Named Appellant and her relatives, and shall cease and desist from contacting the Appellant, her relatives directly or through second and third parties immediately.

**THE DEFENDANTS, THEIR PREDECESSORS, SUCCESSORS AND THEIR ACCOMPLICES / CONSPIRATORS ARE HEREBY NOTIFIED AND ORDERED** that they are forever barred and enjoined from all acts of discrimination and unfair employment practices against the Appellant and her relatives and are further enjoined from soliciting others into committing crimes against the P Appellant and her relatives indefinitely.

**This Indefinite Restraining Order is effective immediately** and is warranted to prevent a continuing and substantial injury to Appellant and her relatives pursuant to Title 18 USC 2521.

This Indefinite Restraining Order is necessary to prevent the Defendants and their accomplices / conspirators from continuing to knowingly from engaging in harmful

conduct causing bodily injury to Appellant and her relatives and from damaging their property or threatening to do with the intentions of retaliating against them for giving testimonies in an official proceeding via a record document or any other means. This indefinite injunction / indefinite Restraining Order is in effect to prevent the further commissions of Federal and State Crimes against the Appellant and her relatives, and it is to enjoin the existing crimes committed against them by the Defendants and their accomplices / conspirators in this matter.

**This Indefinite Restraining Order is relevant to Title 18 USC 2266 (5)(A) which provides: *"any injunction, restraining order, or any other order issued by a civil or criminal court for the purpose of preventing violent or threatening acts or harassment against, sexual violence, or contact or communication with or physical proximity to, another person, including any temporary or final order issued by a civil or criminal court whether obtained by filing an independent action or as a pendente lite order in another proceeding so long as any civil or criminal order was issued in response to a complaint , petition, or motion filed by or on behalf of a person seeking protection: and (B) any support, child custody or visitation provisions, orders, remedies or relief issued as part of a protection order, restraining order or injunction pursuant to State, tribal, territorial, or local law authorizing the issuance of protection orders, restraining orders, or injunctions***

***for the protection of victims of** domestic violence, sexual assault, dating violence or **stalking.”***

***Furthermore, the*** Appellant who bought this action against the Defendants is a crime victim at the behest of the Defendants and their criminal accomplices / conspirators as well as her relatives.

***“Victim” means the individual harmed as a result of a commission of a crime under this chapter including, in the case of a victim who is under 18 years of age, incompetent, incapacitated, or decreased, the legal guardian of the victim or representative of the victim’s estate, another family member, or any other person appointed as suitable by the court, but in no event shall the defendant be named as such representative or guardian.” Pursuant to Title 18 USC 2264 (4)( c).***

Therefore this Notice and Order issued and necessary enjoin the Deprivation of the Appellant’s and her relatives rights, to prevent irreparable harm and to stop the continuation of multiple crimes against her and her relatives.

**THIS NOTICE AND ORDER PREVENTS THE DEFENDANTS AND THEIR ACCOMPLICES / CONPIRATORS FROM CONTINUTING THEIR CRIMINAL COURSE OF CONDUCT AGAINST THE NAMED APPELLANT AND HER RELATIVES, IT DOES NOT PREVENT THEM FROM PERFORMING THEIR STATUTORY DUTIES.**

**NOTICE TO DEFENDANTS: YOUR FAILURE TO OBEY THIS ORDER MAY SUBJECT YOU TO MANDATORY ARREST AND CRIMINAL PROSECUTION, WHICH MAY RESULT IN YOUR INCARCERATION FOR UP TO SEVEN YEARS FOR CRIMINAL CONTEMPT, AND/OR MAY SUBJECT YOU TO SUPREME COURT PROSECUTION AND PENALTIES FOR CONTEMPT OF COURT. IF YOU FAIL TO APPEAR IN COURT WHEN YOU ARE REQUIRED TO DO SO, THIS ORDER MAY BE EXTENDED IN YOUR ABSENCE AND THEN CONTINUES IN EFFECT UNTIL A NEW DATE SET BY THE COURT.**

**THIS ORDER OF PROTECTION / RESTRAINING ORDER WILL REMAIN IN EFFECT EVEN IF THE PROTECTED PARTY HAS, OR CONSENTS TO HAVE, CONTACT OR COMMUNICATION WITH THE PARTY AGAINST WHOM THE ORDER IS ISSUED. THIS ORDER OF PROTECTION / RESTRAINING ORDER CAN ONLY BE MODIFIED OR TERMINATED BY THE INJURED PARTY AND COURT. THE PROTECTED PARTY CANNOT BE HELD TO VIOLATE THIS ORDER NOR BE ARRESTED FOR VIOLATING THIS ORDER.**

**PLEASE TAKE FURTHER NOTICE THAT THE PENALITIES FOR VIOLATING THIS NOTICE AND ORDER IS PUNISHABLE BY TITLE 18 USC 2262 AS WELL AS OTHER FEDERAL AND STATE LAWS**

**TITLE 18 USC 2262**

A person who travels in interstate or foreign commerce, or enters or leaves Indian country or is present within the special maritime and territorial jurisdiction of the United States, with the intent to engage in conduct that violates the portion of a protection order that prohibits or provides protection against violence, threats, or harassment against, contact or communication with, or physical proximity to, another person or the pet, service animal, emotional support animal, or horse of that person, or that would violate such a portion of a protection order in the jurisdiction in which the order was issued, and subsequently engages in such conduct, shall be punished as provided in subsection (b) which provides A person who violates this section shall be fined under this title, imprisoned— (1) for life or any term of years, if death of the victim results;

(2) for not more than 20 years if permanent disfigurement or life threatening bodily injury to the victim results;

**(3)** for not more than 10 years, if serious bodily injury to the victim results or if the offender uses a dangerous weapon during the offense;

**(4)** as provided for the applicable conduct under chapter 109A if the offense would constitute an offense under chapter 109A (without regard to whether the offense was committed in the special maritime and territorial jurisdiction of the United States or in a Federal prison); and

**(5)** for not more than 5 years, in any other case, including any case in which the offense is committed against a pet, service animal, emotional support animal, or horse, or both fined and imprisoned.

Dated: January 17, 2023

________________________________________

Judge, United State Court of Appeals, Second Circuit

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

Vicky Ware Bey, et. al.

v.

Eric Adams, Mayor for the City of New York et al.

**CERTIFICATE OF SERVICE***

Docket Number: 23-1

I, Vicky Ware Bey, , hereby certify under penalty of perjury that
(print name)

on January 20, 2023, I served a copy of Appellate Brief with its seven
(date)

Appendices and a Motion for immediate interim monetary and injunctive relief
(list all documents)

by (select all applicable)**

___ Personal Delivery ___ United States Mail ___ Federal Express or other Overnight Courier

___ Commercial Carrier X via E.C.F E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| Sylvia Hinds Radix, Corporation Counsel | The City of New York Law Dept. 100 Church Street | N.Y | N.Y. | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

January 20, 2023
Today's Date

Vicky W. Bey
Signature

Certificate of Service Form (Last Revised 12/2015)