UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
_____

**Vicky Ware Bey, In Proper Persona Sui Juris**

| | |
|---|---|
| **JOHN DOE 1 – 1000, JANE DOE 1 - 1000** | **AFFIDAVIT** |
| **Appellant / Plaintiff / Petitioner / Claimant / Crime Victim / Aggrieved and Injured Party / Lien Claimant** | **NOTICE OF INTENT TO LIEN** <br><br> **CASE # 23-1** |

    VS

**Mayor Eric Adams for the**
**CITY OF NEW YORK**

**CITY OF NEW YORK**

**Louis Molina, Commissioner for the**
**NEW YORK CITY DEPARTMENT OF CORRECTIONS**

**Melanie Whinnery, Executive Director for the**
**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM**

**JOHN DOE 1-10,000, JANE DOE 1-10,000**

**Appellees / Defendants / Lien Debtors**
_____

PLEASE TAKE NOTICE the Appellant / Plaintiff / Petitioner / Claimant / Crime Victim / Aggrieved and Injured Party, Vicky Ware Bey, In Proper Persona, Sui Juris, affirms she is personally knowledgeable of all the facts and circumstances in this matter and who is the lien claimant and lienor hereby files this Notice of intent to file a claim of lien upon the Appellees / Defendants Eric Adams, Mayor for The City of New, The Incorporated Municipality, The City of New York located at 100 Church Street, New York, New York 10007, and its departments Melanie Whinnery, Executive Director for New York Employees Retirement Systems, New York Employees Retirement Systems located at 350 Jay Street, Brooklyn, New York 11201, Louis

Molina, Commissioner for New York City Department of Corrections, New York City Department of Corrections located at 75-20 Astoria Boulevard, East Elmhurst, New York 11370 who are the lienees and the lein debtors.

On January 20, 2023 the Defendants in this matter were served the Appellants Appellant Brief with all seven Appendices in which the Defendants were given 30 days according to the Federal Rules of Appellate Procedure 31 to answer and to rebut and refute the Appellant's Appeal which contains her Complaint, Grievances, Causes of Action and Plausible Claims for which relief could be granted for injuries intentionally inflicted upon the Appellant involving:

The wrongful death of the Appellants father which was a premeditated murder and a hate crime; gross human rights violations; the deprivation of rights under color of law; intentional and actionable discrimination; the deprivation of rights under color of law, office, authority, statute, regulation, ordinance, and custom; interstate and international stalking; Criminal Harassment; Criminal abuse of power; acts of terrorism and genocide; multiple home invasions; voyeurism; the unconsented invasion of privacy and intrusion upon solitude; illegal and unlawful surveillance; the illegal and unlawful recording and public dissemination of unlawful surveillance images; forced sexual exploitation for profit and sexual gratification and entertainment which is directly employment related and is a criminal abuse of power which is unwarranted, unwanted and unwelcomed sexual harassment; breach of public trust; illegal and unlawful hacking, interception and dissemination of the Appellant's and her relatives oral, wire, wireless, electronic communications in which the Defendants intentionally make all of their private information public which is of no concern to the public causing them permanent injuries which arises from the Defendants intentional acts of employment discrimination and retaliation; intentional and actionable employment discrimination based upon the Appellant's sex/gender,

national origin, age, occupational disability, in terms of compensation, employment related crime victim status; ongoing employment retaliation for the Appellant objecting to being sexually harassed in the workplace by another employee and asserting her rights as a human being and as an employee, and for participating in a protected activity by reporting illegal, unlawful and unfair employment practices to the New York City Commission of Human Rights; Constructive discharge in which the Appellees / Defendants intentionally deprived the Appellant of employment intentionally causing her to loose loss of a year and a half salary; intentional breach contract and of fiduciary duties which arises out of intentional and actionable employment discrimination and employment retaliation which involves the Appellees / Defendants intentionally constructively discharging the Appellant and the Appellees / Defendants criminal course of conduct against her and her relatives; The Appellees / Defendants intentional employment discrimination in terms of compensation where the Appellant was underpaid and denied hazard pay / Special Assignment pay when she was assigned to, and working in the Central Punitive Segregation Unit in which she was deprived and denied a 12% salary increase for hazard pay / Special Assignment pay while she was assigned and actively working in the Central Punitive Segregation Unit; breaches of fiduciary duties involving the intentional impairment and diminishment of the Appellant's / Plaintiff's ordinary pension benefits in which her rights to full pension benefits are secured by the New York State Constitution Article 5, Section 7 which constitutes a contractual agreement as stated in the New York State Constitution as well as the equal pay act of 1963, the Correction Officers Benevolent Associations Collective Bargaining Agreement and Title 29 U.S.C, Chapter 8, Section 206 in which the Appellees / Defendants were given notice about the Appellants impaired and diminished regular pension benefits prior to the commencement of any action against them which they intentionally failed to

cure; the arbitrary and capricious denial of the Appellant's performance of duty disability benefits in which she sustained occupational injuries while interacting with an inmate during the performance of her duties which is the direct and proximate cause of her disabilities in which she is covered by Retirement and Social Security Law, Article 14, Section 507-c and 507-b.

The Appellant will claim an equitable lien exclusive to the jurisdiction of the United States Constitution, Article III, which extends judicial powers, the first Amendment which secures the Appellants rights to petition the Government for a redress of her grievances in which the Appellees / Defendants have willfully violated their Oaths of Office, the United States Constitution, Federal Laws, State Laws, Human Rights Laws, and various International Treaties. The Defendants failed to answer and rebut the Appellants Brief which contains the Appellants Appeal, Complaint, Grievances, Causes of Action and plausible claims for which relief could be granted within 30 days of being served the Appellants Brief and its Seven Appendices in which the Appellees / Defendants / Lien Debtors have defaulted and there are no genuine disputes in material facts or issues regarding the Appellant's appeal, complaint, grievances, causes of action, plausible claims for which relief could be granted.

The Appellant / Plaintiff filed an Affidavit for Judgment in the sum of $565,000,000.00 on February 22, 2023 requesting payment within three days from the Appellees / Defendants / Lien Debtors have not paid any portion of this judgment.

The amount due is $565,000,000.00, Five Hundred Sixty Five Million Dollars, including the interest rate of 7% monthly, unless payment is received by the Appellant / Plaintiff / Petitioner / Claimant / Aggrieved and Injured Party who is the Lienor and Lien Claimant by the Appellees / Defendants / Lien Debtors on March 13, 2023. The filing of this document constitutes an original and service upon the defendants who are the Appellees and Lien Debtors in this matter.

Witnessed hereto before me
on the 7th day of March, 2023

_____
Notary

_____
Vicky Ward Bey, In Propria Persona, Sui Juris
Vicky Ward, Ex Relatione
All Rights Reserved, Without Prejudice
c/o 80 Patton Avenue
Wyandanch Territory, New York Republic

