### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

~~Docket Number(s):~~ 23-1      Caption [use short title]

~~Motion for:~~ Reconsideration, Reconsideration En Banc

~~vacating decision~~ dismissing the appeal, request for

~~oral argument upon appeal~~ and the entry of judgment by default and JMOL

~~Set forth below precise,~~ complete statement of relief sought:

~~Motion~~ for reconsideration and reconsideration en banc

~~vacating the dismissal~~ of this appeal, and the entry

~~judgment~~ by default and judgment as a matter of law

~~request~~ for an oral argument by upon appeal, for

~~reconsideration,~~ reconsideration en banc and for judgment

~~on default~~ and as a matter of law and a warrant for NYCDOC

Ware Bey et al v. Eric Adams et al.

~~MOVING PARTY:~~ Vicky Ware Bey, (non-atty)    OPPOSING PARTY: A. Karlin, City of New York Law Department

- [✔] Plaintiff    [ ] Defendant
- [✔] Appellant/Petitioner    [ ] Appellee/Respondent

~~MOVING ATTORNEY:~~ Vicky Ware Bey, (non-atty)    OPPOSING ATTORNEY: A. Karlin, City of New York Law Department

[name of attorney, with firm, address, phone number and e-mail]

| | |
|---|---|
| ~~Vicky Ware Bey,~~ In Propria Persona | A.Karlin, City of New York Law Department / Corporation Counsel |
| ~~C/O 88 Patton~~ Avenue, Wyandanch Territory, New York | 100 Church Street, New York, New York 10007 |
| ~~email: endworkplaceviolence@aol.com;~~ Phone 347-869-8529 | email: Akarlin@law.nyc.gov; Phone 212-356-1000 |

~~Court/ Judge/ Agency appealed from:~~ S.D.N.Y, Robert Lehrburger, Paul Engelmayer

~~Please check appropriate boxes:~~     **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

~~Has movant notified opposing~~ counsel (required by Local Rule 27.1):
- [✔] Yes [ ] No (explain): _____

Has this request for relief been made below? [ ] Yes [✔] No
Has this relief been previously sought in this court? [ ] Yes [✔] No
Requested return date and explanation of emergency:
THE APPELLANT AND HER RELATIVES ARE STALKING VICTIMS
THIS MATTER INVOLVES MURDER AND CONSPIRATORIAL ISSUES
THE APPELLANT AND HER RELATIVES ARE BEING DEPRIVED OF THEIR RIGHTS
THIS HAS BEEN A NINE YEAR ORDEAL

~~Opposing counsel's position~~ on motion:
- [✔] Unopposed [ ] Opposed [ ] Don't Know

~~Does opposing counsel~~ intend to file a response:
- [ ] Yes [✔] No [ ] Don't Know

~~Is oral argument on motion~~ requested? [✔] Yes [ ] No (requests for oral argument will not necessarily be granted)

~~Has argument date of appeal~~ been set? [ ] Yes [✔] No If yes, enter date: _____

~~Signature of Moving Attorney:~~

Date: 08-01-2023    Service by: [ ] CM/ECF [ ] Other [Attach proof of service]

Vicky B. Bey All Rights Reserved

~~Form T-1080~~ (rev.12-13)

UNITED STATES COURT OF APPEALS
SECOND CIRCUIT
_____

Vicky Ware Bey, In Proper Persona Sui Juris

JOHN DOE 1 – 1000, JANE DOE 1 - 1000

Appellant / Plaintiff / Petitioner / Claimant /
Crime Victim / Aggrieved and Injured Party


                    VS


Mayor Eric Adams for the
CITY OF NEW YORK

NEW YORK CITY DEPARTMENT OF CORRECTIONS

NEW YORK CITY DEPARTMENT OF CORRECTIONS

Melanie Whinnery, Executive Director
NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM

NEW YORK CITY EMPLOYEE RETIREMENT SYSTEM

JOHN DOE  1-10,000, JANE DOE 1-10,000

APPELLEES / DEFENDANT(S)
_____

**AFFIRMATION IN SUPPORT OF
MOTION FOR RECONSIDERATION,
RECONSIDERATION EN BANC,
VACATING THE DISMISSAL OF THIS
APPEAL, AND THE ENTRY OF
JUDGMENT BY DEFAULT AND AS
A MATTER OF LAW, ORAL
ARGUMENT UPON APPEAL AND FOR
RECONSIDERATION EN BANC
AND FOR JUDGMENT BY DEFAULT
AND AS A MATTER OF LAW, AND
SANCTIONING APPELLEES
FOR A WARRANT UPON N.Y.C.D.O.C**

**Docket 23-1**

Vicky Ware Bey, In Propria Persona, Sui Juris, who is the Appellant / Plaintiff / Petitioner / Claimant /

Crime Victim / Aggrieved and Injured Party, in this matter affirms she is personally knowledgeable of

all the facts and circumstances involved in this matter and hereby files this Affirmation in Support of

her Motion for reconsideration and reconsideration En Bank, to reconsider the decisions made by

Second Circuit Judges Richard J. Sullivan, Michael H. Park, **and** Steven J. Menashi July 24, 2023,

vacating the order dismissing this matter, staying the Mandate because of Judicial errors, omissions,

oversights and unreasonable delays in which the Appellant moves the court to reconsider its decision

letting this matter be heard before the judicial panel via an oral argument and to enter judgment by

default and as a matter of law in favor of the Appellant in the sum of $565,000,000.00 and a warrant to

be issued upon N.Y.C.D.O.C.

**PRELIMINARY STATEMENT**

The Appellant bought this matter to the Court of Appeals, Second Circuit to appeal the Opinions, Orders, Decisions, Report and Recommendations filed by Magistrate Robert Lehrburger, and Judge Paul Engelmayer who were disqualified in the S.D.N.Y. This matter involves Constitutional issues, questions and Federal Laws.

**NATURE OF THE APPELLANT'S PETITION / COMPLAINT / APPEAL AND ITS LEGAL BASIS**

The Appellant bought her Complaint against the Appellees in S.D.N.Y pursuant to the First Amendment in the United States Constitution which contains her Grievances and Plausible Claims for which relief could be granted, for injuries intentionally inflicted upon her by the Appellees who are malicious and are willfully in violation of the First and Fourth Amendment in the United States Constitution as well as Federal laws involving employment and criminal matters.

The Appellant asks the court to take careful consideration concerning matters involved in this case because it involves multiple egregious employment practices and crimes which adversely affects us all. Coordinated Stalking, Organized Stalking, and Gang Stalking are terms that are used interchangeably and are acts of terrorism defined in Title 18 U.S.C 2331, which adversely affects millions of people Globally.

The nature of the Appellant's Complaint which includes Plausible Claims for which relief could be granted is to recover compensatory, punitive, pecuniary, special, and collateral damages from the Appellees who intentionally and actionably discriminate against the Appellant based upon her national origin, sex/gender, religion in violation of Title 42 U.S.C 2000e-3, age in violation of Title 29 USC 623, physical occupational disability, in terms of compensation in violation of Title 29 CFR 1604.8, Title 42 U.S.C 2000e-17e, Title 42 U.S.C 2000e-2, Title 29 U.S.C Chapter 8 Section 206 and her status as crime victim which is directly employment related and part of the Appellees acts of retaliation against her, in which they continuously conspire to ruin her life and deprive her of her rights under

color of law, office, authority, ordinance, custom, in retaliation for the Appellant objecting to being sexually harassed at work by another employee in violation of Title 29 C.F.R 1604.11, filing a complaint about employment retaliation and unfair labor practices in violation of Title 29 U.S.C 158 and for participating in protected a protected activity such as filing a complaint with the New York City Human Rights Commission # 1-1-1104660386 as well as her current status as a crime victim / stalking victim which is directly employment related and an act of retaliation against her by the Appellees who are depriving her and her relatives of their inalienable rights, human rights, and their rights secured by the United States Constitution which the Appellees are liable for under Title 42 U.S.C 1983 and the First Amendment in the United States Constitution. The Appellees intentional and actionable discriminatory actions and the basis for their discriminatory actions against the Appellant violate Federal Laws Title 42 U.S.C 2000e-17 et seq, Title 42 U.S.C 12112, Title 29 C.F.R 1604.11, Title 29 C.F.R 1604.8; Title 29 U.S.C 623; Title 29 U.S.C 206; New York City Human Rights Law 8-107, 8-107.11; NYC Administrative Code 10-180 New York State Human Rights Law 296.

The Appellees willfully and intentionally deprive the Appellant and her relatives of their rights under color of law, office authority, ordinance, custom, in retaliation for the Appellant asserting her rights violates Title 18 U.S.C 241, Title 18 U.S.C 242, United States Constitution, Article VI, Section 2; The Treaty of Peace and Friendship; DRIP; CERD; ICCRP and are liable for injuries sustained by the Appellant pursuant to Title 42 U.S.C 1983.

The Appellees acts of employment retaliation against the Appellant involves interstate stalking of her and her relatives in which the Appellees conspire to injure her and her relatives because she exercised her rights as a human being and as an employee who objected to being sexually harassed at work by another employee and because she objected to the Appellees illegal, unlawful, and unfair employment practices and filed a complaint with New York City Commission of Human Rights which are protected activities. The Appellees intentional retaliatory actions in which they stalk the Appellant and her relatives interstate violates Title 18 U.S.C 2261A, Title 18 U.S.C 241, Title 18 U.S.C 242. The

Appellees and their criminal accomplices who act under color of law, office and authority retaliate against the Appellant by intentionally and criminally abusing their power to criminally trespass upon the Appellants and her relatives houses, papers and effects interstate, where they have a reasonable expectation of privacy and security, in which the Appellees and their criminal accomplices illegally and unlawfully installed hidden eavesdropping and surveillance equipment throughout their houses and effects to stalk, monitor, record, eavesdrop upon the Appellant and her relatives in addition to illegally and unlawfully disseminating unlawful images /intimate images of the Appellant and her relatives over the world wide web to the public without their knowledge and without their implied or expressed consent for entertainment, sexual gratification, profit, to degrade, dehumanize and injure them in violation of Title 18 U.S.C 1801, New York Penal Laws, 245.15, 250.05, 250.30, 250.45, 250.60, as well as other state laws. The nonconsensual dissemination of graphic images colloquially called revenge porn may haunt victims throughout their life Vermont v. Van Buren (Vermont Supreme Court 2016).

The Appellees and their accomplices stalked the Appellant and her relatives with the intentions of killing them. The Appellees intentional retaliatory actions in which they stalk the Appellant and her relatives interstate violates Title 18 U.S.C 2261A, Title 18 U.S.C 241, Title 18 U.S.C 242, the Appellees ongoing retaliatory actions against the Appellant are responsible for the premediated murder and hate crime of her father which violates Title 18 USC 249, and was done to obstruct justice in violation of Title 18 USC 1512 to prevent him from testifying in a court of law, equity and record, to prevent him from assisting the Appellant financially and with housing since she is a crime victim and her pension is impaired and diminished, and her was murdered in retaliation for the Appellant asking for a retraining order to keep the Appellees and their criminal accomplices away from her and her relatives and to enjoin the Appellees criminal course of conduct against her and her relatives. The Appellees are. The Appellants father was murdered the same day the court received hard copies of her motion for injunctive relief / restraining order in which the Appellees are in direct violation of Title 18

U.S.C 249, Title 18 U.S.C 1111, Title 18 U.S.C 1117, Title 18 U.S.C 1512, Title 18 U.S.C 1513 and should pay restitution to the Appellant under Title 18 U.S.C 2264 for all of her losses because the Appellees ongoing retaliatory criminal course of conduct against her and her relatives causing some of their deaths, and causing the Appellant other significant injuries, such as an adverse employment action, loss of a year and half salary, the denial of employment, the exhaustion of her savings, the murder of her father, the deaths of some of her other relatives which involves conspiratorial activities related to the Appellees and their accomplices ongoing criminal course of conduct against the Appellant and her relatives for nine years which has not ceased and has become progressively worse over time, in which the relations back doctrine applies to this matter according to F.R.C.P 15. After the premeditated murder of the Appellants father, his murder was followed by multiple suspicious and unprecedented deaths in her family.

In addition to the Appellees and their accomplices willfully depriving the Appellant and her relatives, and past intimate partner of their rights by intentionally exploiting them the Appellees and their criminal accomplices intentionally illegally and unlawfully intercept and disclose all of the Appellants, and her relatives oral, wire, and wireless electronic communications to the general public without their expressed or implied consent and without their knowledge which is of no concern to the public in violation of Title 18 U.S.C 2511. The Appellees ongoing intentional reckless, malicious, and retaliatory misconduct and criminal course of conduct which is extreme and outrageous is causing the Appellant and her relatives significant, Substantive, permanent, and irreparable injuries. The Appellee are willfully violating Title 18 U.S.C 1801, Title 47 U.S.C 230, and Title 18 U.SC 2511 which prohibits the interception and disclosure of oral wire, wireless electronic communications. The Appellant asks for the a restraining order to enjoin the Appellees criminal course of conduct that invades her privacy and the privacy of their relatives in which they continue to illegally and unlawfully intercept all of their oral, wire, wireless electronic personal and private communications, illegally and unlawfully disseminating it to the public without their consent causing them additional injuries daily,

as well as injuring those whom they communicate with. The Appellees malicious, intentionally injurious criminal course of conduct against the Appellant began December 2014, and has become progressively worse over time, adversely effecting her relatives, depriving her and her relatives of their rights, invading their privacy willfully violating the Fourth Amendment in the United States Constitution and Title 18 U.S.C 2511 in which their criminal course of conduct has not ceased during this nine year ordeal and its July 31, 2023. The Appellees ongoing criminal course of conduct against the Appellant and her relatives in which the Appellees has forced upon them without the implied or expressed consent has put them in the predicament they are in and a restraining order is required. The Appellees are solely liable for all the oral, wire, wireless, electronic information, audio and visual information they illegally and unlawfully and recklessly record and disseminate to the public. The Appellant and her relatives do not consent to being deprived of their rights, exploited, stalked, criminally harassed or to having all of their private and personal information publicly disseminated.

The Appellant bought a complaint against the Appellees to recover compensatory, punitive, pecuniary, special, and collateral damages from the Appellees who intentionally retaliate against her by willfully breaching their duty of reasonable care, breaching their fiduciary duties by intentionally impairing and diminishing her ordinary pension, and arbitrarily and capriciously denying her a performance of disability retirement in error or law in addition to ignoring her documented performance of duty injuries which are the direct and proximate cause of her physical disabilities. The Appellees intentional impairment and diminished of the Appellants ordinary pension violates the New York Constitution, Article 7 Section 5; The Appellees breaching their fiduciary duties violates, ERISA Laws, Retirement and Social Security Law 512a and the arbitrary and capricious denial of the Appellants performance of duty disability pension violates the Social Security Retirement Law, Article 14, Section 507c.

The Appellees tortiously interfered with the Appellant's retirement benefits causing the Arbitrary and Capricious denial of the Appellant's performance of duty disability retirement in error of law which she

is entitled to based upon the occupational injuries she sustained while interacting with an inmate during the performance of her duties at work which is the direct and proximate cause of her physical disabilities which she is eligible for and covered by under the Retirement and Social Security Law, Article 14, Section 507C, and proof of the Appellants occupational injures are documented and on court record the denial of the Appellants performance of disability pension was in retaliation for the Appellant objecting to being sexually harassed at work by another employee in which the defendants tortuously interfered with staff members from NYCERS again impeding them from properly administering their duties again by coercing them into breaching their fiduciary and contractual duties by intentionally impairing and diminishing the Appellant's ordinary pension benefits by $1,119.53 per month and intentionally failing to correct it after being notified by the Appellant in good faith prior to this action. The last three consecutive years of the Appellant's employment with the City of New York / New York City Department Of Corrections she earned $99,900.86; $97,269.63 and $89,935.17, her average earnings are $95,701.88 per year, which means she should receive $3,987.53 per month in ordinary pension benefits and $5,987.00 in a performance of duty disability pension.

The Appellee owe the Appellant $68,291.33 in back payments for the monthly impairment and diminishment of her ordinary pension in the amount of $1,119.53 per month from July 2018 to August 2023. The Appellees intentionally impaired and diminished her ordinary pension to cause her additional financial injuries after intentionally, constructively and medically discharging her for the physical occupational injuries she sustained in the performance of her duties while interacting with an inmate which is the direct and proximate cause of her physical disabilities. The Appellees discriminated against the Appellant in terms of compensation she was under paid, wrongfully denied special assignment pay while she was assigned to work in the Central Punitive Segregation Unit which is an additional 12% that should be added on to her ordinary pension and performance of duty disability pension making her average salary $107,186.10 in which her ordinary pension is $53,593.05 per year and $4,466.08 per month which means the Defendants owes the Appellant an additional

$100,532.88 in ordinary pension benefits totaling $168,824.21 owed to the Appellant by N.Y.C.E.R.S.

The Appellant's performance of duty disability pension which equates to $80,389.57 annually and is $6,699.13 Monthly which the Defendants owes Appellant an additional $2233.05 per month as of July 2018 which equates to $136,216.05 as of August 2023 in addition to $120,584.34 from January 2017 to July 2018.  The Appellees N.Y.C.E.R.S owes the Appellant $425,624.60. New York City Department Of Corrections and N.Y.C.E.R.S. both operate under the authority of the City Of New York which in incorporated in the State of New York where its principal offices are in New York City in which the City of New York invests its pension funds in N.Y.C.E.R.S which also receives federal funds. N.Y.C.E.R.S is bound by the New York State Constitution which constitutes a contractual agreement with New York State and all Municipal employees for the City of New York and N.Y.C.E.R.S Members which N.Y.C.E.R.S must abide.  New York State Constitution, Article 5, Section 7 expressly prohibits the impairment and diminishment of pension benefits in which the City Comptroller and the Executive Director for N.Y.C.E.R.S was timely notified by the Appellant in good faith prior to any court action that the Appellant's ordinary pension benefits were impaired and diminished and the Appellant further notified the Defendants that the arbitrary and capricious denial of her performance of duty disability pension was in error of law and without consideration for the injuries she sustained during the performance of her duties while interacting with an inmate at work which is the direct and proximate cause of her permanent physical disabilities in which sufficient medical documentation proving these injuries had already been submitted to N.Y.C.E.R.S.  A copy of this letter was also sent to the Comptroller, Thomas P. Dinapoli at which time an adjustment should have been made. The City of New York / New York City Department of Corrections owes the Appellant $210,000.00 in wages she was deprived of for a year and a half.  The Appellees owe the Appellant a total of $635,624.60 in pension benefits and in wages alone as of August 2023.

The Appellant was denied special assignment pay when she was assigned to work in the Central Punitive Segregation Unit which reduced her salary by 12% in addition to already being underpaid. The

Appellant was assigned to work in the CPSU and was exposed to the same hazards as other employees were and did not receive equal pay or special assignment pay for working in the same hazardous conditions as others, she was under paid and denied special assignment pay, denied a performance of duty disability pension in retaliation which is ¾ of her average salary.

The Appellant's father was also stalked interstate and a witness to this crime, was assaulted and sustained physical injuries causing his death one hour after the incident. The Appellant has been injured by the Appellees, gross negligence, negligent hiring, retention, and training practices; unfair employment practices; illegal and unlawful employment practices which is depriving her and her relatives of their inalienable and human rights.  The Appellees negligent hiring and retention practices is the direct and proximate cause of the Appellant's and her relatives injuries, her father's murder and some of the deaths of her other relatives in connection with this crime.

The nature of the Appellant's Complaint included her grievances, and plausible claims for which relief could be granted is to recover damages for the wrongful death of her father and the deprivation of his rights under color of law, ordinance, statute, custom as well as his rights secured by the United States Constitution.  The Appellees are liable for the hate crime and premediated murder of her father and other relatives which occurred during this ordeal which the Appellees are liable for pursuant to Title 42 U.S.C 1983, in which the violate Title 18 U.S.C 249; Title 42 U.S.C 1981; Title 42 USC 1981a;  Title 18 U.S.C 241; Title 18 U.S.C 242; Title 18 U.S.C 1801 for intentionally inflicting injuries upon Appellant and her relatives.

The Appellant and her relatives have been victims of terrorism and interstate stalking which includes the premeditated murder of her father followed by other multiple unprecedented suspicious deaths in her family during this senseless, violent nine year ordeal which is probable cause for a warrant to be issued against the Appellees "New York City Department of Corrections" demanding the seizure of all specified requested records requested in the Appellants demand for the production of specified documents in her discovery demands as well as documents, books, papers and other tangible

documents from New York City Department of Corrections involving the crimes that are being committed against the Appellant and her relatives in this matter pursuant to Federal Rules of Criminal Procedure 41 as well the issuance of a preservation letter to New York City Department of Corrections service provider pursuant to Title 18 U.S.C 2703(f)(1), (2) requiring them to preserve stored text.

### HISTORY OF THIS APPEAL

January 3, 2023, the Appellant filed a Notice of Appeal, with the Opinions, Orders, Decisions and Report and Recommendations filed by filed by Magistrate Robert Lehrburger and Judge Paul Engelmayer; Docket Sheet from the United States District Court, Southern District New York; Affidavit / Motion to proceed Informa Paupers, permission to efile and for an Oral Argument on Appeal for March 7, 2023; Oral Argument Statement pursuant to Local rule 34.1(a); CM/ECF Pro Se Filing User Request Form; Civil Appeal Pre-Argument Statement (Form C); Pro Se Scheduling Notification pursuant to Federal Rules of Civil Appeal 31.2(a)(1)(A); Civil Appeal Transcript Information (Form D-P); Certificate of Service upon the Defendants in this matter.

January 4, 2023, this matter was docketed # 23-1 in the United States Court of Appeals, Second Circuit.

January 9, 2023, the Appellant filed a Motion for an oversized brief which should have been answered within 10 days but was left in perpetual abeyance until July 24, 2023, after this matter was fully briefed.

January 17, 2023, the Appellant filed a Motion for immediate interim injunctive and monetary relief with the first volume of the Appellant's Appendix hard copies were filed in court, an Applications Judge should have made a decisions within 10 days of receiving this motion according to the Federal Rules of Appellant Procedure.

January 20, 2023, the Appellant filed her Brief involving questions pertaining to the United States Constitution, Federal Laws, Code of Judicial Conduct with established facts, laws, elements, supported by stare decisive cases and Seven Appendices which contained prima facie evidence and written expert testimony pertaining to the matter in this case which was served upon the Defendants via Postal Mail in which they were given 30 days to respond rebutting, refuting defending against the Allegations, complaints, grievances and plausible claims contained in her appeal, the Appellees defaulted by failing to file an Appellees Brief denying the Appellants appeal.

January 26, 2023, the Appellant filed three hard copies of her Brief and Seven Appendices in Court which should have immediately been sent to the Civil Teams, assigned to a Judicial Panel and placed on the Court calendar for an oral argument upon appeal as requested by the Appellant who filed a Motion for an oral argument upon appeal and who field an Oral Argument Statement for March 7, 2023 on January 3, 2023

February 8, 2023, The Appellant filed a Motion to compel which would have further proven the Appellant's claims which were already established with facts, laws, elements and prima facie evidence but left in perpetual abeyance and overlooked by the court.

February 21, 2023, the Appellant timely filed a Motion for default judgment and judgment as a matter of law since there were no genuine disputes in material fact or issues it was left in perpetual abeyance since February 21, 2023, and overlooked by the court

March 16, 2023, a Lien was filed with the County Clerk.

May 12, 2023, The Appellant requested that the court deduct court fees from judgment upon the Appellees who defaulted which satisfies court fees. This motion was left in perpetual abeyance and over looked by the court.

July 21, 2023, the Appellant filed a Motion for the Court to issue a Warrant pursuant to title 18 U.S.C 2703(b)(1)(A); Title 18 U.S.C 2516 and Title 18 U.S.C 2517 and to issue a Subpoena of all electronic records from New York City Department of Correction including internet service, records from the ISP Contents of all email to and from N.Y.C.D.O.C Personnel and on all levels, within every department and division within New York City Department of Corrections because this is where the crimes that are being committed against the Appellant and her relatives originated from. A Warrant / Order would recover additional evidence pertaining to the Appellant's claims and grievances revealing all culprits who are involved in the crimes being committed against her and her relatives interstate.

July 24, 2023, The Appellant filed and undisputed Affidavit for Judgment, the court overlooked it dissmissing the appeal in error.

July 25, 2003 the court issued an order denying the Appellant motion for a warrant and subpeona as moot when the motion was filed on July 21, 2023 prior to dismissal which was overlooked by the court.

**In Conclusion**

The Appellant moves the Court to reconsider its decision En Banc vacating the order dismissing the Appellant's Appeal which was established with facts, laws, and prima facie evidence. The Appellant moves the court to enter judgment by default and as a matter of law in favor of the Appellant which the Appellees defaulted by failing to file an Appellees Brief denying, refuting, rebutting the Appellant's Appeal which contained her complaint, grievances and plausible claims for which relief could be granted in which the Appellant timely filed a Motion for judgment by default and as a matter of law on February 21, 2023. The Appellant asks the court and the Panel to add this matter to the court calendar for an Oral Argument upon appeal, for reconsideration en banc and for entry of Judgment by default and as a matter of a law and based upon facts, laws, prima facie evidence and established elements.

 Date: August 1, 2023

*Vicky Ware Bey*

Vicky Ware Bey, In Proper Persona

Vicky Ware, Ex Relational
All Rights Reserved, Without prejudice
c/o 80 Patton Avenue
Wyandanch Territory, New York [11798]

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

CAPTION:

Vicky Ware Bey et al.

**CERTIFICATE OF SERVICE***

Docket Number: 23-1

v.

Eric Adams et al.

I, Vicky Ware Bey , hereby certify under penalty of perjury that
(print name)

on August 1, 2023 , I served a copy of Motion for reconsideration
(date)

and reconsideration en banc, vacasing order dismissing appeal, request for an oral argument and entry of judgment by default and as a matter of law and a warrant for NYCDOC.

(list all documents)

by (select all applicable)**

____ Personal Delivery     X United States Mail     ____ Federal Express or other Overnight Courier

____ Commercial Carrier     ____ E-Mail (on consent)

on the following parties:

| Name | Address | City | State | Zip Code |
|------|---------|------|-------|----------|
| A. Karin, City of N.Y.Law Department | 100 Church Street | New York | N.Y. | 10007 |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

*A party must serve a copy of each paper on the other parties, or their counsel, to the appeal or proceeding. The Court will reject papers for filing if a certificate of service is not simultaneously filed.

**If different methods of service have been used on different parties, please complete a separate certificate of service for each party.

August 1, 2023
Today's Date

(Signature)

Certificate of Service Form (Last Revised 12/2015)